UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

EDMUNDO CARLOS,
     Plaintiff,                     Case No. 2:12-cv-10471
-vs.-                            Hon. Bernard A. Friedman

CAVALRY PORTFOLIO SERVICES, LLC,
     Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT CAVALRY PORTFOLIO SERVICE, LLC'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**NOW COMES** Plaintiff, Edmundo Carlos, by and through his attorneys, Nitzkin & Associates, and for his Response to Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss for Improper Venue or in the alternative to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), hereby respectfully requests that this Honorable Court deny the Motion for the following reasons and those contained in the accompanying Brief in Opposition.

Defendant purposefully availed itself of the privilege of acting within the State of Michigan, by acquiring and maintaining a Certificate of Authority to Transact Business or Conduct Affairs, registered office, and a registered agent in the state. Accordingly, Cavalry Portfolio Service, LLC, the only Defendant in this matter resides in the Eastern District of Michigan; therefore, venue is proper in the Eastern District of Michigan under 28 USC § 1391(b). Further, Defendant's letter clearly violates 15 U.S.C. § 1692c(C), and was sent in connection with the collection of a debt.

**WHEREFORE**, PLAINTIFF PRAYS that this Honorable Court deny Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss for Improper Venue or in the alternative to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

i

Respectfully submitted,

**NITZKIN & ASSOCIATES**

By:___/s/ Gary Nitzkin_____
Gary Nitzkin (P41155)
Attorneys for Plaintiff
NITZKIN & ASSOCIATES
22142 West Nine Mile Road
Southfield, Michigan 48033
T: (248) 353-2882
F: (248) 353-4840
E: gnitzkin@creditor-law.com

Dated: March 16, 2012

**Proof of Service**

I, Gary Nitzkin hereby state that on 3/19/2012, I served a copy of the within
pleading upon all counsel of record via the court's CM/ECF System

_/s/ Gary Nitzkin_____

## **QUESTIONS PRESENTED**

SHOULD THIS ACTION BE DISMISSED FOR IMPROPER VENUE?

Plaintiff answers "No."

Defendant answers "Yes."

IF THIS ACTION IS NOT DISMISSED FOR IMPROPER VENUE, SHOULD THE
COURT DISMISS PLAINTIFF'S ACTION PURSUANT TO FED. R. CIY. P. 12(B)(6)?

Plaintiff answers "No."

Defendant answers "Yes."

# TABLE OF CONTENTS

Plaintiff's Response to Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss for Improper Venue or in the alternative to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ……………………………………………….……………………….………….... i

Proof of Service…………………………………………………………………………….. ii

Question Presented…………………….…………………………………………………. iii

Table of Contents……………………………………………………………………….... iv

Index of Authorities………………………………………………………………….…. v

Index of Exhibits………………………………………………………………...………… vii

Memorandum of Law in Support of Plaintiff's Response to Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss for Improper Venue or in the alternative to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) …………………………………....................... 1

    I.        Statement of Case……………………………………………………....…... 1

    II.      Law and Argument…………………………………………………………… 1

          A.      Venue is Proper in the Eastern District of Michigan……………….…..... 1

          B.      Plaintiff has stated a claim upon which relief can be granted…...………..9

    IV.    Conclusion………………………………………………………………..…... 10

# INDEX OF AUTHORITIES

**Cases**

*Reynolds v International Amateur Athletic Fed'n*, 23 F.3d 1110 (6th Cir. 1994)………………3

*In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972)………………..3

*Air Products & Controls, Inc. v Safetech, Int'l, Inc.*, 503 F.3d 550 (6th Cir. 2007)……………..3

*Sifers v. Horen*, 385 Mich. 195 (1971)……………………………………………………..…..3

*Lanier v American Bd. Of Endodontics*, 843 F.2d 901 (6th Cir. 1988)…………………………..3

*Chicago Blower Corp. v. Air Systems Associates, Inc.*, 623 F. Supp. 798 (E.D. Mich. 1985)…...3

*Lazzaro v Charlevoix Lakes*, 108 Mich. App. 120 (1981)…………………………………………..3

*Int'l Shoe Co. v Washington*, 326 U.S. 310 (1945)……………………………………………..4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)…………………………….4

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968)………………..…4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)……………………………………..…4

*Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996)……………………………….…5

*Third Natl. Bank v. WEDGE Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989)…………………….5

*Grden* v. *Leikin Ingber & Winters PC,* 643 F.3d 169 (6th Cir. 2011)……………………….9

*G.M. Eng'rs and Assocs, Inc.* v. *West Bloomfield Twp.,* 922 F.2d 328 (6th Cir. 1990)…...……10

**Statutes**

28 USC § 1391………………………………………………...……………………...……..1

28 USC § 1391(b)(1)…………………………………………………………………...…….1

28 USC § 1391(c)(2)………………………………………………………………...……1

M.C.L. 600.705(1)……………………………………………………………………...…….3

# INDEX OF AUTHORITIES (CONTINUED)

**Statutes**

15 U.S.C. § 1692c………..9

15 U.S.C. § 1692c(C)………9

15 U.S.C. 1692g(b)………..10

## INDEX OF EXHIBITS

Exhibit A:    Plaintiff's Power of Attorney

Exhibit B:    Cease and Desist Letter

Exhibit C:    Letter from Defendant

Exhibit D:    Defendant's Company Details

Exhibit E:    Proof of Service

Exhibit F:    PACER Information

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT CAVALRY PORTFOLIO SERVICE, LLC'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I.    STATEMENT OF CASE

This lawsuit involves the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA").   Cavalry Portfolio Services, LLC ("Cavalry"), violated the FDCPA while attempting to collect on a consumer type debt allegedly owed by Plaintiff.

Pam Wheeler is Plaintiff's power of attorney.  (Exhibit A).  On or about December 28, 2011, Ms. Wheeler sent Defendant a letter via certified mail directing it to cease and desist from having any further contact with the plaintiff.  (Exhibit B).  Moreover this letter also demanded validation of the debt. In this letter, Ms. Wheeler directed the Defendant to send its response to P.O. Box 1705, Alamosa, CO 81101, which is Ms. Wheeler's address.  Defendant, however, sent verification of the alleged debt directly to Plaintiff at his residence on or about January 4, 2012, in violation of the FDCPA.  (Exhibit C).

## II.    LAW AND ARGUMENT

### A.  Venue is proper in the Eastern District of Michigan

28 USC § 1391 provides

(b) Venue in general. A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

1

(c) Residency. For all venue purposes—

(1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;

(2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

(3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

(d) Residency of corporations in States with multiple districts. For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Cavalry is the only Defendant in this matter.  Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 USC § 1391(b)(1).  Therefore, venue is proper in a judicial district where Cavalry resides.

Cavalry resides in Michigan.  "An entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . . ." 28 USC § 1391(c)(2).  Cavalry is subject to this Court's personal jurisdiction, as it has appointed a registered agent in this state and maintains a registered office at 30600 Telegraph Road, Ste. 2345, Bingham Farms, MI 48025.

(Exhibit A).  Plaintiff may achieve service of process in this District through personal service upon Cavalry's resident agent.

To determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment.  *Reynolds v International Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994).  Thus, [t]he defendant must be amenable to suit under the forum state's long-arm statute and the due process requirements of the Constitution must be met." *Id.* (citing *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972); See also, *Air Products & Controls, Inc. v Safetech, Int'l, Inc.*, 503 F.3d 550, 554 (6th Cir. 2007)).

Michigan's long-arm statute extends personal jurisdiction over a non-resident if the claim "aris[es] out of an act which creates [certain] relationships," including "[t]he transaction of any business within the state." M.C.L. 600.705(1).  The Michigan Supreme Court has interpreted the word "any" in the phrase "transaction of any business" as "mean[ing] just what it says. It includes 'each' and 'every.'" *Sifers v. Horen*, 385 Mich. 195 (1971).  The 6th Circuit Court of Appeals has held that "if defendant conducted even the slightest act of business in Michigan, the first statutory criterion for personal jurisdiction . . . is satisfied." *Lanier v American Bd. Of Endodontics*, 843 F.2d 901, 909 (6th Cir. 1988).

The statute expands personal jurisdiction of Michigan courts to the "full potential." *Chicago Blower Corp. v. Air Systems Associates, Inc.*, 623 F. Supp. 798, 800 (E.D. Mich. 1985) (quoting *Sifers*, 385 Mich. 195).  Further, the Michigan Court of Appeals has held that M.C.L. 600.705(1) "is intended to be liberally construed in favor of recognizing limited personal jurisdiction especially where an ordinary commercial transaction is involved, absent violation of due process of law." *Lazzaro v Charlevoix Lakes*, 108 Mich. App. 120, 124-25 (1981).

Therefore, the determination as to whether jurisdiction is proper in this case turns on Federal law.

Constitutional due process requires that the plaintiff establish that defendant has minimum contacts with Michigan, that is, sufficient contact with the state so that the maintenance of the action does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v Washington*, 326 U.S. 310, 316 (1945). Minimum contacts exist where a "defendant's conduct and connection with the forum state are such "that he would reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The Sixth Circuit Court of Appeals has established a three-part test for determining whether long-arm jurisdiction over an out-of-state defendant comports with due process:

> (1)  The defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
>
> (2)  The cause of action must arise from the defendant's activities in the forum state; and
>
> (3)  The acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

The "purposeful availment" prong "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). (internal quotations and citations omitted). "Jurisdiction is proper, however, where the

4

contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Id* (emphasis in original).

"If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contracts," under the second *Mohasco* prong. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). This "does not require that the cause of action formally 'arise from' defendant's contacts with the forum; rather, this criterion requires only 'that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities.'" *Third Natl. Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989) (quoting *Mohasco*, 401 F.2d at 384 n. 27)). This is a "lenient standard." *Air Products & Controls, Inc.*, 503 F.3d 553.

The third, "reasonableness," prong under *Mohasco* is also lenient, because "an inference of reasonableness arises" when the first two prongs are met. *Id* at 554; *See also*, *Compuserve, Inc.*, 89 F.3d at 1268 (noting that "if we find, as we do, the first two elements of a prima facie case--purposeful availment and a cause of action arising from the defendant's contacts with the forum state--then an inference arises that this third factor is also present"). Several factors are relevant to the reasonableness inquiry, "including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id* (internal quotation marks and citation omitted).

Here, Defendant purposefully availed itself of the privilege of acting in the State of Michigan by acquiring a Certificate of Authority to Transact Business or Conduct Affairs in Michigan, establishing a registered office, and appointing a registered agent in the state. (Exhibit D).

The "purposeful availment" prong of the three-part *Mohasco* test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person," as jurisdiction is proper only where the defendant *himself* that create a substantial connection with the forum State." *Burger King Corp.*, 471 U.S. 475 (emphasis in the original, internal quotations and citations omitted).

Defendant has not been "haled into [this] jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person," as Defendant's own actions created its connection with the State of Michigan. *Burger King Corp.*, 471 U.S. 475. Defendant chose to transact business and conduct affairs in Michigan, acquiring a Certificate of Authority to Transact Business or Conduct Affairs in Michigan and debt collector's license. (Ex. D). Defendant maintains a registered office in Michigan, and has appointed a registered agent to accept service of process on behalf of Defendant in this State. (Ex. D). Plaintiff achieved service of process by serving Defendant's registered agent, at Defendant's registered office, in Michigan. (Ex. E). Accordingly the first prong of the *Mohasco* analysis is satisfied. See, 401 F.2d 381.

This action also arises from Defendant contacts with the State of Michigan, which are related to the operative facts in controversy in this case. Defendant is a debt collector, and acquired authority to transact business and conduct affairs as a debt collector in Michigan; specifically identifying "debt collection" as the business it would conduct in this state. (Ex. D). Plaintiff's claims clearly relate to Defendant's debt collection activities, alleging facts which concern Defendant's debt collection efforts in support of claims brought under statutes which expressly regulate debt collection activities. (See Complaint, docket # 1).

6

This is significant under the second prong of the *Mohasco* analysis, which requires that the cause of action arise from the defendant's activities in the forum state, because the cause of action need not "formally 'arise from' defendant's contacts with the forum" to satisfy the second prong of *Mohasco*. *Third Natl. Bank*, 882 F.2d 1091. Instead, the cause of action must simply "have a substantial connection with the defendant's in-state activities." *Id.* Under the second *Mohasco* prong, "an action will be deemed to have arisen from" a defendant's contacts with the forum state, "[i]f a defendant's contacts with the forum state are related to the operative facts of the controversy." *Compuserve, Inc.*, 89 F.3d 1267. This is a "lenient standard." *Air Products & Controls, Inc.*, 503 F.3d 553.

The operative facts of this case are related to Defendant's activities as a debt collector. Defendant's activities in the State of Michigan are related to its business as a debt collector. The operative facts of this case clearly satisfy the second prong of the *Mohasco* analysis, in light of Defendant's substantial, express, voluntary, debt collection activities in the State of Michigan. (*See*, Ex. D).

Finally, Defendants actions clearly have a substantial enough connection with the State of Michigan to make the exercise of jurisdiction over the Defendant reasonable under the third prong of the *Mohasco* analysis, which requires that defendant's action have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. 401 F.2d 381. This standard is also lenient, because an "an inference of reasonableness arises" when the first two prongs under *Mohasco* are met. *Air Products & Controls, Inc.*, 503 F.3d 553; See also, *Compuserve, Inc.*, 89 F.3d at 1268. In any event, the Defendant's decision to acquire the authority to transact business and conduct affairs in Michigan, establish a registered office, and appoint a registered agent are undoubtedly

7

substantial enough to make the exercise of jurisdiction over the Defendant reasonable in this case.

It is important to note that this is not the first time Defendant has been haled into this court, as review of the Public Access to Court Electronic Records (PACER) service reveals that Defendant has previously been a party to litigation in the United States District Court for the Eastern and Western Districts of Michigan.  (Ex. F).

This forum is by no means remote or foreign to Defendant.  The Defendant chose to acquire authorization to transact business and conduct affairs in Michigan, establish and maintain a registered office in Michigan, as well as appoint and maintain a registered agent to accept service of process on its behalf in Michigan; where it has previously been haled into court.  (Ex. D).  Jurisdiction in the Eastern District of Michigan is proper in this case under the criteria established by the Sixth Circuit Court of Appeals under *Mohasco* and its progeny.

In addition,  28 USC § 1391(b)(3) provides that "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  Again, Cavalry is subject to this Court's personal jurisdiction, as it has appointed a registered agent for personal service of process in this state and maintains a registered office at 30600 Telegraph Road, Ste. 2345, Bingham Farms, MI 48025.  (Exhibit D).

Therefore, Defendant's Motion must be denied as venue is proper in the Eastern District of Michigan.

**B.  Plaintiff has stated a claim upon which relief can be granted**

15 U.S.C. § 1692c provides:

> (c) Ceasing communication
>
> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> > (1)  to advise the consumer that the debt collector's further efforts are being terminated;
> >
> > (2)  to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> >
> > (3)  where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

Here, Plaintiff, through the holder of his power of attorney, Pam Wheeler, notified Defendant, a debt collector, that he wished the Defendant would cease further communication with Plaintiff.  (Exhibits A and B).  Accordingly, Defendant was required to cease further communications with Plaintiff except to: (A) advise Plaintiff that further efforts are being terminated; (B) notify Plaintiff that it may invoke special remedies, or (C) notify Plaintiff that is intends to invoke a specified remedy.  *See*, 15 U.S.C. § 1692c(C).  Defendants' letter does not advise Plaintiff that further efforts are being terminated, notify Plaintiff that Defendant may invoke special remedies, or notify Plaintiff of an intention to invoke special remedies.  (Exhibit C).  Therefore, Defendant's letter violates 15 U.S.C. § 1692c(C).

Defendant's reliance upon *Grden* v. *Leikin Ingber & Winters PC,* 643 F.3d 169 (6th Cir. 2011), is misplaced.  In *Grden*, the consumer requested a statement of the balance owed under a payment plan with a debt collector, but was given an incorrect amount.  *Id.*  The Court of

9

Appeals found that the account balance statement was not made in connection with the collection of a debt, since the balance statement was a ministerial act done in response to an inquiry by the consumer; therefore, the animating purpose of the communication was not to induce payment by the consumer. *Id* at 163.

Here, the animating purpose of the communication <u>was</u> to induce payment by the consumer. The Defendant's unlawful communication in this case was an alleged validation of the claimed debt required under 15 U.S.C. 1692g(b), not a simple ministerial act. Further, Defendant's communication expressly states that it "is a communication from a debt collector." Exhibit C). Defendant's letter was clearly made in connection with the collection of a debt. Accordingly, the ruling in *Grden* does not apply to the facts of this case. *Grden,* 643 F.3d 169.

Facts consistent with the allegations in the complaint would clearly entitled Plaintiff to relief under 15 U.S.C. § 1692c. *G.M. Eng'rs and Assocs, Inc.* v. *West Bloomfield Twp.,* 922 F.2d 328, 330 (6th Cir. 1990).

## III.   CONCLUSION

Defendant purposefully availed itself of the privilege of acting within the State of Michigan, by acquiring and maintaining a Certificate of Authority to Transact Business or Conduct Affairs, registered office, and a registered agent in this state. Plaintiff's causes of action have a substantial connection with Defendant's in-state debt collection activities, which are substantial enough to make the exercise of jurisdiction over Defendant reasonable. Therefore, the Eastern District of Michigan has personal jurisdiction over the Defendant. Further, Defendant's letter clearly violates 15 U.S.C. § 1692c(C), and was sent in connection with the collection of a debt.

10

**WHEREFORE, PLAINTIFF PRAYS** that this Honorable Court deny Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss for Improper Venue or in the alternative to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

March 16, 2012

_/s/ Gary Nitzkin_____
GARY D. NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

11

# Exhibit A

**Consent Form**

Client Name (Last, First, All-required) _Carlas Edmundo Lacazo_

Email Address _____

Mailing Address _1040 S. Alico Ave._

City, State, Zip _Rialto  Cal.  92376_

Social Security Number _549 - 69-8911_

Home Phone Number _N/A_

Office Phone Number _N/A_ _____ ext. _____

Pager _N/A_

Mobile Phone Number _(909) 644-1900_

Previous address (if less than three years) _____

City, State, Zip
_____

X _Edmundo Lorenzo Carlos_

MyCredit Matters, unit 1705 elomone, ca 91101
office: 1.888.270.6792   fax: 1.888.270.6792
www.mycreditmatters.biz

State of California                    )                **CALIFORNIA ALL-PURPOSE**
County of San Bernardino )            **CERTIFICATE OF ACKNOWLEDGMENT**

On July 17, 2009 before me, Kimberly Ann Elkhatib, Notary Public
(here insert name and title of the officer)

personally appeared Edmundo Lorenzo Carlos

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under Penalty of Perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Kimberly Ann Elkhatib

> KIMBERLY ANN ELKHATIB
> COMM. #1752700
> Notary Public - California
> San Bernardino County
> My Comm. Expires Jun. 23, 2011

──────────── **OPTIONAL INFORMATION** ────────────

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

**Description of Attached Document**

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _Consent form_

containing _1_ pages, and dated _Ma_ .

The signer(s) capacity or authority is/are as:
- ☒ Individual(s)
- ☐ Attorney-in-Fact
- ☐ Corporate Officer(s) _____
                              Title(s)
  _____
- ☐ Guardian/Conservator
- ☐ Partner - Limited/General
- ☐ Trustee(s)
- ☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing

| Additional Information |
|---|
| **Method of Signer Identification** |
| ☐ Personally known to me |
| ☒ Proved to me on the basis of satisfactory evidence: |
| └ ☒ form(s) of identification ○ credible witness(es) |
| Identification is detailed in notary journal on: |
| Page # _7_   Entry # _3_ |
| Notary contact: |
| Other |
| ☐ Additional Signer(s)   ☐ Signer(s) Thumbprint(s) |
| ☐ _____ |

© Copyright 2005 Notary Rotary, Inc. 925 29th St., Des Moines, IA 50312-3612   Form ACK02. 10/05.   To re-order, call toll-free 1-877-349-6588 or visit us on the Internet at http://www.notaryrotary.com

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of SAN BERNARDINO

On 07/14/2009 before me, DAVID TORRES (NOTARY PUBLIC),
Date                                    Here Insert Name and Title of the Officer

personally appeared EDMUNDO LORENZO CARLOS
                                        Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DAVID TORRES
Commission # 1766296
Notary Public - California
San Bernardino County
My Comm. Expires Sep 8, 2011

Signature _____
                    Signature of Notary Public

Place Notary Seal Above

## OPTIONAL

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

### Description of Attached Document

Title or Type of Document: _____

Document Date: _____ _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

### Capacity(ies) Claimed by Signer(s)

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Individual | ☐ Individual |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other:_____ | ☐ Other:_____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

# Exhibit B



March 7, 2011

Sprint/ Cavalry Portfolio
7 Skyline Dr 3rd Fl
Hawthorne, NY 10532
Re: Edmundo Carlos 12032731


*Dear Sprint/ Cavalry Portfolio*

*I am writing in response to letter received from you on date Mar 2007. Pursuant to my rights under federal debt collection laws, I am requesting that you provide validation of this debt. Note this is not a refusal to pay, but a request that your offices provide me with evidence that I have a legal obligation to pay you. Provide hard copy signature or a letter removing it from any credit bureau. Do not submit billing history unless you have the client's signature to go along with it. Return response no later than five working days from receipt.*

*Please send response to Edmundo Carlos pob 1705 alamosa, co 81101*

*Cease and desist all communication to Edmundo Carlos and/or MyCredit Matters except in writing to address listed above.*


Respectfully

pob 1705
alamosa co 81101
(888) 270-6792 voice or fax

# Exhibit C

01/17/2012  14:45     9098756519                WE'VE GOT MAIL                          PAGE  06/07

PO Box 1017
Hawthorne, NY 10532
9 9 00002638 952537

  JANUARY 04, 2012

# Cavalry
### Portfolio Services, LLC

**Phone: (800) 501-0909**
www.cavalryportfolioservices.com

RE:  **Original Institution:**     SPRINT
**Original Account No.:**   0546363250
**Cavalry Reference No.:**  12032731
**Balance Due:**            $605.91

||||·|·|||·||·||·|||·||||·||·||||·|||·|||··|||··||··|··|··|

EDMUNDO CARLOS
1040 S ALICE AVE
RIALTO, CA  92376-7841

Dear Customer:

Per your request, please find enclosed the verification of your debt.

Cavalry is committed to working with you. You may contact us at 866-483-5139 from 9:00am to 5:00pm, Eastern Time, Monday through Friday. If you prefer, you may reach me directly at extension 13429.

Sincerely,

Robertino Gooding

Cavalry Portfolio Services, LLC

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

"See Reverse Side for Important Information Concerning Your Rights"

01/17/2012  14:45      9098756519              WE'VE GOT MAIL                        PAGE  07/07

### Notice of Important Rights

c arc required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and deral laws.

**. California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices ct require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They ay not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or isleading statements or call you at work if they know or have reason to know that you may not receive personal calls : work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. ollectors may contact another person to confirm your location or enforce a judgment. For more information about :bt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As :quired by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted · a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**: COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the :nsumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by w to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 80 Garden Center, Suite 3 Broomfield, CO )020, (303) 920-4763.

**: MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT :LEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL :QUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED R DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE OLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 ummit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**N MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF OMMERCE.

**New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 26502, 1126497, and 1126494.

**Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.
**Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit porting agency if you fail to fulfill the terms of your credit obligations.
**North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 112. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona '040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 9522 E. 47th Place, Suite H, Tulsa, Oklahoma 74145; and (d) 408 St. Peter rcet, St. Paul, Minnesota 55102.

### Privacy Notice

n accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you nd your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.

:OLLECTION AND USE OF PRIVATE INFORMATION
Ve collect Private Information about you from the following sources:

1      Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, ddress, social security number and income.
1      Information about your transactions with us or others, such s your account balance and payment history.
1      Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

)ISCLOSURE OF PRIVATE INFORMATION
Ve only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We nay disclose information we collect to:

·      Credit bureaus
·      The original creditor and entities that have had an ownership interest in your account
        Entities that provide mailing services on our behalf
        Entities that provide collection-related services on our behalf
        Others, such as third parties, when you direct us to share information about you
        Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

!AINTENANCE OF ACCURATE INFORMATION
Ve have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private nformation is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when ppropriate, update our records accordingly.

ROTECTION OF INFORMATION
Ve restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain hysical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

'r account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may :ite us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**·sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to ake a one-time electronic debit from your account at the financial institution indicated on your check.**

00002639

01/17/2012 14:45    9098756519                    WE'VE GOT MAIL                            PAGE  04/07



**Phone: (800) 501-0909**
**www.cavalryportfolioservices.com**

JANUARY 04, 2012

| | |
|---|---|
| **RE: Original Institution:** | SPRINT |
| **Original Account No.:** | 0546363250 |
| **Cavalry Reference No.:** | 12032731 |
| **Balance Due:** | $605.91 |

EDMUNDO CARLOS
1040 S ALICE AVE
RIALTO, CA 92376-7841

## Verification of Debt

| | |
|---|---|
| Original Institution: | SPRINT |
| Original Account Number: | 0546363250 |
| Cavalry Reference Number: | 12032731 |
| Open Date: | 18-FEB-2005 |
| Charge Off Date: | 06-AUG-2005 |
| Account Balance: | $605.91 |

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 80 Garden Center, Suite 3 Broomfield, CO 80020, (303) 920-4763.

**IN MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**n New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 126502, 1126497, and 1126494.

**n Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.
**n Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.
**n North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 9522 E. 47th Place, Suite H, Tulsa, Oklahoma 74145; and (d) 408 St. Peter Street, St. Paul, Minnesota 55102.

## Privacy Notice

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

❑    Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
❑    Information about your transactions with us or others, such a your account balance and payment history.
❑    Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

o    Credit bureaus
o    The original creditor and entities that have had an ownership interest in your account
o    Entities that provide mailing services on our behalf
o    Entities that provide collection-related services on our behalf
o    Others, such as third parties, when you direct us to share information about you
o    Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

or account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am to 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**y sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.**

00002839

# Exhibit D





Michigan.gov Home                LARA Home | Sitemap | Contact | Online Services | Agencies

## LIMITED LIABILITY COMPANY DETAILS

**Searched for:** CAVALRY PORTFOLIO SERVICES, LLC
**ID Num:** D90012
**Name:** CAVALRY PORTFOLIO SERVICES, LLC
**Type:** Foreign Limited Liability Company
**Resident Agent:** THE CORPORATION COMPANY
**Registered Office Address:** 30600 TELEGRAPH ROAD   BINGHAM FARMS   MI  48025
**Mailing/Office Address:**
**Formation/Qualification Date:** 6-4-2008
**Jurisdiction of Origin:** DELAWARE
**Managed by:**
**Status:** ACTIVE   **Date:** Present

View Document Images

Return to Search                                         New Search

Michigan.gov Home  | LARA Home | LARA Contact | State Web Sites
Privacy Policy | Link Policy | Accessibility Policy | Security Policy

Copyright © 2001- 2012 State of Michigan

BCS/CD-760 (Rev. 12/03)

# MICHIGAN DEPARTMENT OF LABOR & ECONOMIC GROWTH
## BUREAU OF COMMERCIAL SERVICES

| Date Received: | (FOR BUREAU USE ONLY) |
|---|---|

**FILED**

This document is effective on the date filed, unless a subsequent effective date within 90 days after received date is stated in the document.

**JUN 04 2008**

Administrator
Bureau of Commercial Services

14075587-1 06/02/08
ChkN: 39465    Amt: $50.00
ID:    CAVALRY PORTFOLIO SERVICES LLC

**Name**
Cavalry Portfolio Services, LLC

**Address**
7 Skyline Drive

| City | State | Zip Code |
|---|---|---|
| Hawthorne | NY | 10532 |

EFFECTIVE DATE:

✎ Document will be returned to the name and address you enter above. If left blank document will be mailed to the registered office.

**D90012**

## APPLICATION FOR CERTIFICATE OF AUTHORITY
## TO TRANSACT BUSINESS IN MICHIGAN
For use by Foreign Limited Liability Companies
(Please read information and instructions on last page)

*Pursuant to the provisions of Act 23, Public Acts of 1993, the undersigned limited liability company executes the following Application:*

1. The name of the limited liability company is:

Cavalry Portfolio Services, LLC

2. (Complete this item only if the limited liability company name in item 1 is not available for use in Michigan.) The assumed name of the limited liability company to be used in all its dealings with the Bureau and in the transaction of its business in Michigan is:

3. It is organized under the laws of _____ Delaware _____.

The date of its organization is _____ May 7, 2002 _____.

The duration of the limited liability company if other than perpetual is _____.

4. The address of the office required to be maintained in the state of organization or, if not so required, the principal office of the limited liability company is:

| 7 Skyline Drive | Hawthorne | New York | 10532 |
|---|---|---|---|
| (Street Address) | (City) | (State) | (ZIP Code) |



5. a. The address of its registered office in Michigan is:

_30600 Telegraph Road, Bingham Farms_ , Michigan_ 48025
(Street Address)                              (City)                                         (ZIP Code)

b. The mailing address of the registered office if different than above:

_____ , Michigan_ _____
(Street Address or P.O. Box)                    (City)                                       (ZIP Code)

c. The name of the resident agent at the registered office is:

The Corporation Company

---

6. The Department is appointed the agent of the foreign limited liability company for service of process if no agent has been appointed, or if appointed, the agent's authority has been revoked, the agent has resigned, or the agent cannot be found or served through the exercise of reasonable diligence.

The name and address of a member or manager or other person to whom the administrator is to send copies of any process served on the administrator is: **(Must be different than agent shown in Item 5c)**

Christian Parker, Esq.
(Name)

7 Skyline Drive, 3rd Floor, Hawthorne, New York 10532
(Street Address)                    (City)                          (State)          (ZIP Code)

---

7. The specific business which the limited liability company is to transact in Michigan is as follows:

Debt collection

The limited liability company is authorized to transact such business in the jurisdiction of its organization.

Signed this ___20th___ day of ___MAY___, ___2008___

By _____
                                      (Signature)

___DONALD   STRAUCH___        ___COO + EVP___
(Type or Print Name)                            (Type or Print Title)

# Delaware

*PAGE 1*

## *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "CAVALRY PORTFOLIO SERVICES, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE FIFTEENTH DAY OF MAY, A.D. 2008.

3522807   8300

080553286

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6595233

DATE: 05-15-08

# **Exhibit E**

AO 440 (Rev. 12/09) Summons in a Civil Action

## Summons and Complaint Return of Service

Case No. 2:12-cv-10471-BAF-MKM
Hon. Bernard A. Friedman

A copy of the Summons and Complaint has been served in the manner indicated below:

Name of Defendant Served:    Cavalry Portfolio Services, LLC.

Date of Service:    February 7, 2012 @ 2:37

## Method of Service

XXX    Personally served at this address:
CALVARY PORTFOLIO SERVICES, LLC. c/o The Corporation Company
30600 Telegraph Road - Suite 2345
Bingham Farms, MI  48025

_____ Left copies at defendant's usual place of abode with (name of person):

_____ Other (specify):

_____ Returned unexecuted (reason):

Service Fees:    Travel $_____    Service $ 25.—    Total $ 25.—

## Declaration of Server

I declare under the penalty of perjury that the information contained in this Return of Service is true and correct.

Name of Server:    LaCenya Cobb

Signature of Server:    LaCenya Cobb

Date:    February 7, 2012

Server's Address:    **NITZKIN & ASSOCIATES**
22142 WEST NINE MILE ROAD
SOUTHFIELD, MI 48034

LAW OFFICES OF

# NITZKIN & ASSOCIATES

22142 WEST NINE MILE ROAD
SOUTHFIELD, MI 48034
(248) 353-2882

February 9, 2012

Clerk of the Court -Civil Division
United States District Court
U.S. Courthouse 231 Lafayette Boulevard
Detroit MI 48226

**[E-Filed]**

Re: **EDMUNDO CARLOS v. CAVALRY PORTFOLIO SERVICES, LLC**
Case Number: **2:12-cv-10471-BAF-MKM**

Dear Clerk:

Enclosed, please find the *Summons and Complaint Proof Of Service* (POS) for the above referenced file. Kindly please file this with your office.

Thank you.

Very truly yours,

*Brandy A. Moore*
Legal Administrator

GN /jhn

20238.001

# Exhibit F

# Select A Case

**This person is a party in 2 cases.**

| | | |
|---|---|---|
| 2:05-cv-73130-GER-MKM | Caillouette v. Cavalry Portfolio Services | filed 08/12/05    closed 03/07/06 |
| 2:05-cv-74159-BAF-DAS | Cohen v. Cavalry Portfolio Services | filed 10/31/05    closed 12/28/05 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/12/2012 16:47:30 | | |
| **PACER Login:** ni0040 | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** Last Name: cavalry portfolio |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

# Select A Case

**This person is a party in 2 cases.**

| | | | |
|---|---|---|---|
| 2:11-cv-10183-SFC-MKM | Morgan v. Cavalry Portfolio Services, L.L.C. | filed 01/13/11 | closed 04/07/11 |
| 2:11-cv-15129-NGE-MAR | Preston v. Cavalry Portfolio Services, L.L.C. | filed 11/18/11 | closed 01/31/12 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/12/2012 16:47:40 | | |
| **PACER Login:** ni0040 | **Client Code:** | |
| **Description:** Search | **Search Criteria:** | Last Name: cavalry portfolio |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

**2:12-cv-10471-BAF-MKM** Carlos v. Cavalry Portfolio Services, LLC.
Bernard A. Friedman, presiding
Mona K. Majzoub, referral
**Date filed:** 02/03/2012
**Date of last filing:** 02/28/2012

## Query

Alias
Associated Cases
Attorney
Case Summary
Corporate Parents
Deadlines/Hearings...
Docket Report ...
Filers
History/Documents...
Party
Related Transactions...
Status
View a Document

# Select A Case

**This person is a party in 10 cases.**

| | | | |
|---|---|---|---|
| 1:03-cv-00629-GJQ | Roberts v. Cavalry Portfolio Services, LLC | filed 09/29/03 | closed 12/02/03 |
| 1:05-cv-00646-RHB | Eager v. Cavalry Portfolio Services, LLC | filed 09/22/05 | closed 03/30/06 |
| 1:06-cv-00636-GJQ | Martini v. Tabula Rasa International, Ltd. et al | filed 09/05/06 | closed 01/05/07 |
| 1:07-cv-00052-JTN | Malik et al v. Palisades Collection, L.L.C. et al | filed 01/18/07 | closed 06/11/08 |
| 1:07-cv-01107-RHB | Crouch v. Cavalry Portfolio Services, LLC | filed 11/02/07 | closed 12/11/07 |
| 1:08-cv-01015-RJJ | Williams v. Cavalry Portfolio Services, LLC et al | filed 10/29/08 | closed 01/30/09 |
| 1:09-cv-00027-RJJ | Hitsman et al v. Cavalry Portfolio Services, LLC | filed 01/12/09 | closed 04/21/09 |
| 1:11-cv-00100-JTN | Walton v. Cavalry Portfolio Services, LLC et al | filed 01/27/11 | closed 02/21/11 |
| 1:12-cv-00009-RHB | Hitsman v. Cavalry Portfolio Services, LLC | filed 01/04/12 | closed 03/09/12 |
| 2:11-cv-00295-GJQ | Gilbert v. Cavalry Portfolio Services, LLC | filed 08/08/11 | closed 09/26/11 |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/12/2012 16:50:36 | | |
| **PACER Login:** ni0040 | **Client Code:** | |
| **Description:** Search | **Search Criteria:** | Last Name: cavalry portfolio |
| **Billable Pages:** 1 | **Cost:** | 0.08 |