UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDMUNDO CARLOS,

    Plaintiff,                                                 Civil Action No. 12-10471
                                                            HON. BERNARD A. FRIEDMAN

vs.

CAVALRY PORTFOLIO SERVICES, LLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.    Introduction**

    This matter is before the Court on Defendant's Motion to Dismiss the complaint for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff filed a response, and Defendant filed a reply.  Pursuant to E.D. Mich. LR 7.1(f)(2), the Court will decide this motion without oral argument.

    Defendant Cavalry Portfolio Services, LLC is incorporated in Delaware and its principal place of business and offices are in Hawthorn, NY.  Plaintiff Edmundo Carlos is a resident of California.

**II.    Facts**

    Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act "(FDCPA)" in its attempt to collect an alleged debt.

    Defendant has a Certificate of Authority to Transact Business or Conduct Affairs in Michigan, and Plaintiff achieved service of process upon Defendant in Bingham Farms, Michigan.

1

**III.    Analysis**

    **A.    Personal Jurisdiction**

Personal jurisdiction over an out of state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Federal courts may exercise either "specific" or "general" personal jurisdiction over an out of state defendant. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 415-418 (1984).

"In analyzing personal jurisdiction in diversity actions such as this, federal courts must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 909 (6th Cir.1988). This court, therefore, must engage in a two-step process: (1) first, the court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants; and, if so, (2) the court must determine whether exercise of that jurisdiction comports with constitutional due process." Air Products and Controls, Inc. v. Safetech Intern., Inc., 503 F.3d 544, 550 (6th Cir. 2007).

Michigan's long arm statute states, in relevant part:

Sec. 715. The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

MCL 600.715.

Plaintiff argues that Defendant is subject to personal jurisdiction, because Michigan's long-arm statute extends personal jurisdiction over a non-resident if the claim "arise[es] out of an act which creates [certain] relationships," including "[t]he transaction of any business within the state." MC.L. 600.715(1). Further, Plaintiff points out that the Michigan Supreme Court has interpreted the word "any" in the phrase "transaction of any business" as "mean[ing] just what it says. It includes 'each' and every.'" Sifers v. Horen, 385 Mich. 195, 199 (1971).

Defendant does not deny that it transacts business in Michigan, and does not offer significant argument regarding Michigan's long-arm statute, instead focusing on the constitutionality of the exercise of jurisdiction over it. For the purpose of this opinion only, it is presumed that Defendant's actions satisfy Michigan's long-arm statute.

As to the constitutional due process inquiry, the Sixth Circuit has established a three-part test for determining whether the exercise of specific jurisdiction would satisfy due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Southern Mach. Co. v. Mohasco Industries, Inc., 401 F.2d 374, 382 (6th Cir. 1968).

Here, Defendant has purposefully availed itself of the privilege of acting in Michigan or causing consequences in Michigan. It has accepted service in Bingham Farms, Michigan, and it has acquired a Certificate of Authority to Transact Business or Conduct Affairs in Michigan.

Second, however, Plaintiff's cause of action does not arise from Defendant's activities in Michigan. Paragraph 4 of Plaintiff's Complaint states that "[t]he transactions and occurrences

3

which give rise to this action occurred in San Bernardino County." As there is not a San Bernardino in Michigan, it is clear that the actions complained of occurred outside of Michigan.

Finally, the Court finds that the exercise of personal jurisdiction over Defendant is not reasonable. Plaintiff resides in California, and Defendant is a Delaware corporation. Further, Plaintiff's cause of action does not arise from any of Defendant's activities in Michigan. Plaintiff has not presented any facts to this Court to persuade it that its exercise of jurisdiction is appropriate.

## IV.   Order

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED.


Dated: April 4, 2012  
Detroit, Michigan

__s/Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
UNITED STATES DISTRICT JUDGE